UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **KENYATTA EDMOND #400184** | **CASE NO. 6:18-CV-01095 SEC P** |
| **VERSUS** | **UNASSIGNED DISTRICT JUDGE** |
| **POLICE DEPT OF LAFAYETTE ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

**REPORT AND RECOMMENDATION**

Pro se plaintiff Kenyatta Edmond, proceeding in forma pauperis, filed the instant civil rights complaint on August 22, 2018. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim for which relief may be granted.

### I. Statement of the Case

Plaintiff Kenyatta Edmond ("Edmond") filed the instant suit naming as defendants Lafayette Police Department, James Peterson, Detective Boutte and the Detective Istre. In August 2016, plaintiff was picked up by Detectives Peterson and Boutte of the Lafayette Police Department, questioned regarding the murder of Donell Williams, and later released. Two months later, in October 2016, she was arrested by Detective Istre on the same allegations, held for approximately 45 days,

but never officially charged. She complains that during the arrest and incarceration, her mother had "guns drawn on her" and that she was publically disgraced due to the fact that the false allegations, her criminal background and photograph were publicized on the news.

## II.     Law and Analysis

### A. Screening

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos,* 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe in forma pauperis complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No.* 153, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.2.

### B. Prescription

Plaintiff brings suit against the Lafayette Police Department, James Peterson, Detective Boutte and the Detective Istre. She asserts that she was picked up for questioning in August 2016, released, subsequently arrested in October 2016, and later released 45 days later, all in relation to the same crime.

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston,* 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516 (*quoting Vigman v. Community National Bank and Trust Co.,* 635 F.2d 455, 459 (5th Cir. 1981)). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983). The "statute of limitations upon a §1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato,* 549 U.S. 384 (2007).

Any claim for false arrest and imprisonment claims thus accrued in October 2016, when the judge in the criminal matter would have reviewed the allegations set forth in the affidavit of probable cause and determined that probable cause for plaintiff's arrest and detention had been established. *See Villegas v. Galloway,* 2012

4

WL 45417 (5th Cir. 2012)(unpublished) ("...false imprisonment ends when the defendant is held pursuant to legal process, such as when he is arraigned or bound over by a magistrate. *Wallace v. Kato*, 549 U.S. 384, 389–90 (2007). The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). Plaintiff therefore had 1-year from the date that the judge in the criminal matter made his determination of probable cause, or until sometime in October 2017, to file her civil rights complaint claiming false arrest. Plaintiff's complaint was filed in August, 2018, well beyond the expiration of the 1-year period of limitations and therefore, her claims for false arrest or imprisonment have prescribed. Because her claim is time barred, plaintiff has not stated a claim upon which relief can be granted.

### C. *Emotional Distress*

Plaintiff also seeks damages for psychological pain and suffering. However, Title 42 U.S.C.§1997e(e), provides"[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." As plaintiff has not alleged a physical injury, these claims should be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

## II. Conclusion and Recommendation

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE in Chambers on this 26th day of October, 2018.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE