UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**KENYATTA EDMOND #400184**     **CASE NO. 6:18-CV-01095 SEC P**

**VERSUS**                      **JUDGE JUNEAU**

**POLICE DEPT OF LAFAYETTE      MAGISTRATE JUDGE WHITEHURST**
**ET AL**

### REPORT AND RECOMMENDATION

Plaintiff Kenyatta Edmond filed a civil rights complaint (42 U.S.C. §1983) on August 22, 2018. When he filed suit, he was an inmate at the Lafayette Parish Correctional Center, Lafayette, Louisiana. [Rec. Doc. 1]

In his Complaint, Plaintiff alleged that he was falsely arrested in August 2016 and on October 13, 2016. On October 26, 2018, the undersigned issued a Report and Recommendation dismissing plaintiff's claims pursuant to the applicable one-year statute of limitations. [Rec. Doc. 9] In his objections, he notified the Court that his arrests occurred in 2017, not 2016 as originally stated. [Rec. Doc 10, p. 1] Accordingly, on December 3, 2018, Judge Foote issued an Order adopting in part, and rejecting in part, the Report and Recommendation, directing plaintiff to amend his complaint to incorporate the correct year of his arrests and to allege the precise date of his August 2017 arrest so that the Court may determine whether claims related to that arrest have prescribed. [Rec. Doc. 11] That order was mailed to

plaintiff at the facility from which he filed his complaint.[1]  Plaintiff failed to comply with the Court's order.

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).  This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31.  Plaintiff has failed to comply with an Order directing him to amend his Complaint.  This failure on his part warrants dismissal.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

---

[1] Plaintiff filed a Notice of Change of Address on October 23, 2018 indicating that he had been transferred from Lafayette Parish Correctional Center to a facility in Natchitoches, Louisiana.  On November 21, 2018, however, plaintiff submitted a letter to the court with his return address listed as L.P.C.C.  Accordingly, the change of address was again noted on the docket sheet.  Notably, the Court's December 12, 2018 Order, which was mailed to plaintiff at the LPCC address, was not returned as undeliverable.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE in Chambers on this 7th day of February, 2019.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE